UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RICHARD COLE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA RITA JAIL MEDICAL DEPARTMENT,<br><br>Defendant. | Case No. 18-cv-02874-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner at the California Substance Abuse Treatment Facility in Corcoran, California, has filed a *pro se* complaint under 42 U.S.C. § 1983 against the medical department at the Santa Rita Jail, where he was previously incarcerated. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## ANALYSIS

### A.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In his complaint, plaintiff states that in August 2017, while he was housed at the Santa Rita Jail, he suffered from three abscesses in three teeth. He filed several medical request forms seeking treatment but was told that he had to wait. He finally received medical care in the form of tooth extractions in October 2017. During the time he waited for care, he suffered from severe pain and swelling and had difficulty eating. He was provided with pain medication for only three days, and the pain medication was ineffective.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Liberally construed, plaintiff has stated an Eighth Amendment claim for deliberate indifference to serious medical needs. However, he fails to name any defendant(s) linked to this claim. Plaintiff's complaint will be dismissed with leave to amend to name the individual(s)

responsible for the alleged delay in medical care. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice. Plaintiff should also provide dates to the extent possible.

The complaint does not state a claim against the one defendant for which plaintiff did provide a name: the Santa Rita Jail Medical Department, which is an arm of Alameda County. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is liable simply because it employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Alameda County does not have liability based solely on the fact that it employed the alleged wrongdoers. However, local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is dismissed. Plaintiff may attempt to allege a *Monell* claim against Alameda County in his amended complaint, if he can truthfully do so.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an amended complaint within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-2874 HSG

3

(PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the dismissal of this case without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall include a copy of the court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 7/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge