UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER RICHARD COLE,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA RITA JAIL,<br><br>    Defendant. | Case No. 18-cv-02874-HSG<br><br>**ORDER DENYING REQUESTS TO REOPEN WITHOUT PREJUDICE TO REFILING**<br><br>Re: Dkt. Nos. 33, 34, 35 |

On May 16, 2018, Plaintiff filed the instant *pro se* complaint under 42 U.S.C. § 1983 against Santa Rita Jail ("SRJ"), alleging that he had not received treatment for his serious dental needs, in violation of the Eighth Amendment. Dkt. No. 1. On October 23, 2019, the Court dismissed this action and entered judgment in favor of defendant because plaintiff failed to file an amended complaint that cured the deficiency identified in the Court's July 23, 2018 screening order, namely that he had failed to link any defendant(s) to his claim. Dkt. Nos. 27, 28.[1] On June 11, 2020, the Court denied plaintiff's May 26, 2020 request to reopen this case without prejudice to re-filing a renewed request which includes an amended complaint that addresses the deficiency identified in the Court's July 23, 2018 screening order and sets forth a showing of good cause for the failure to comply with the Court's deadline. Dkt. No. 32.

Plaintiff has since filed three additional requests to reopen this case. Dkt. Nos. 33, 34, 35. Plaintiff's renewed requests set forth good cause for his failure to comply with the Court's

---

[1] The Court granted plaintiff multiple extensions of time to amend the complaint, and granted plaintiff's request to determine the names of the proper defendants through a records subpoena on Santa Rita Jail. Dkt. Nos. 13, 19, 24, 25. The last time plaintiff communicated with the Court was over a year ago, on March 4, 2019. Dkt. No. 23. Plaintiff's requests to reopen this case (Dkt. No. 31, 33, 34, 35) come nearly two years after the Court's initial screening order.

deadline, but plaintiff has not provided an amended complaint that addresses the deficiency identified in the Court's July 23, 2018 screening order. Plaintiff states that, despite serving a subpoena upon Santa Rita Jail, he has been unable to identify the defendants that violated his constitutional rights. He states that the culpable officials are the staff members who schedule dental; receive and schedule sick call appointments; and authorize and prescribe medications. Dkt. No. 34 at 1; Dkt. No. 35 at 1. Plaintiff states that in order to prepare his amended complaint, he needs the "information subpoenaed by the Court's 'duty roster' unless the courts can use the evidence [] already provided to the courts as a means to excavate those employees who worked the unit & sick call, dental, ect." Dkt. No. 34 at 2. Plaintiff requests that the Court advise him of what is needed to continue with his case. Dkt. No. 33 at 2; Dkt. No. 34 at 2. Plaintiff then requests that the Court "complete the obligation of the previous subpoena and/or grant [] the time it may take to yet gather the info to amend [the] complaint . . . [or] allow [plaintiff] to use John & Jane Doe and the capacity of their job duties and function to amend[ the] complaint." Dkt. No. 35 at 2.

The Court cannot provide litigants with legal advice or conduct discovery on behalf of a litigant. While the records subpoena was signed by the Court, it is plaintiff's responsibility, and not the Court's, to ensure compliance with a subpoena. The Court has no role in discovery, and cannot assist in obtaining a duty roster or any other records that plaintiff believes are necessary to identify the proper defendants.

**Plaintiff must identify the defendants by name in order to proceed with this lawsuit.** The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. Here, plaintiff would like to proceed solely against Doe defendants. This would result in the complaint not being served upon any individual or entity, and the case would be unable to proceed as there would be no one defending against the complaint.

Plaintiff's requests to reopen this case are DENIED without prejudice to re-filing a renewed request which includes an amended complaint that addresses the deficiency identified in

2

1  the Court's July 23, 2018 screening order. Dkt. Nos. 33, 34, 35.[2]  The Clerk shall send plaintiff

2  two (2) copies of the court's civil rights complaint form.

3        This order terminates Dkt. Nos. 33, 34, 35.

4  **IT IS SO ORDERED.**

5  Dated: 9/28/2020

6  

7  HAYWOOD S. GILLIAM, JR.
   United States District Judge

---

[2] Plaintiff alleges that he is again being denied necessary medical and dental treatment. *See generally* Dkt. No. 34. This action concerns the denial of dental treatment in August through October 2017. To the extent plaintiff is seeking relief regarding the denial of medical and dental treatment in 2020, he should file a new action or complaint regarding these events.

3